# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MACNEIL IP LLC, an Illinois Limited Limited Liability Company, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | |
| CORRUGATED CONCEPTS LLC, a Michigan Limited Liability Company; KARMA PRODUCTS LLC, a Michigan Limited Liability Company; AMAZON.COM, INC., a Delaware Corporation, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff MacNeil IP LLC ("MacNeil"), by and through its undersigned counsel, and for its Complaint against Defendants, Corrugated Concepts LLC ("Corrugated Concepts"), Karma Products LLC ("Karma Products"), Amazon.com, Inc. ("Amazon") (collectively, "Defendants") alleges as follows:

### Nature of the Action

1. This is an action against Defendants for patent infringement.

### Parties

2. MacNeil is an Illinois limited liability company with a principal place of business located at 1 MacNeil Court, Bolingbrook, Illinois.

3. Upon information and belief, Defendant Corrugated Concepts is a Michigan limited liability company with its principal place of business located in Traverse City, Michigan.

4. Upon information and belief, Defendant Karma Products is a Michigan limited liability company with its principal place of business located in Traverse City, Michigan.

5. Upon information and belief, Defendant Amazon is a Delaware Corporation with its principal place of business located in Seattle, Washington.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338 because MacNeil's claims arise under the laws of the United States.

7. This Court has personal jurisdiction over Defendants because they transact business in this District by, on information and belief, offering to sell and selling products, including the Infringing Product, to customers in this district.

8. Venue is proper in this District under 28 U.S.C §1391(b) and (d) and §1400(b) because Defendants are subject to personal jurisdiction in, do business in and have committed acts of infringement in this District and, on information and belief, have systemic and continuous business connections and contacts with this District.

**Factual Background**

9. On June 23, 1998, the United States Patent and Trademark Office granted U.S. Patent No. 5,769,598 ("the '598 Patent") entitled Antistacking Warning Device and Stacking Damage Detector and naming David F. MacNeil as the inventor. A true and accurate copy of this valid and duly issued '598 Patent is attached as Exhibit 1.

10. As of April 13, 2010, MacNeil became the owner by assignment of all legal rights, title and interest in and to the '598 Patent.

11. Upon information and belief, Corrugated Concepts and Karma Products manufacture "Pallet Top Do Not Stack Fragile 3D Signs" (hereinafter, the "Infringing Product") and offer for sale and sell the Infringing Product to their distributors, resellers, and end-users.

12. Upon information and belief, Amazon sells, offers to sell and aids and abets others to sell and offer to sell the Infringing Products.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,769,598

13. MacNeil restates and realleges Paragraphs 1 through 12 as if fully set forth herein.

14. Upon information and belief, without the consent of MacNeil, Defendants have made, sold and/or offered for sale the Infringing Product which directly infringes, either literally or through the doctrine of equivalents, at least one claim of the '598 Patent. A true and accurate screen shot of Amazon's website showing the Infringing Product being offered for sale is attached as Exhibit 2.

15. Upon information and belief, without the consent of MacNeil, Defendants have committed acts that constitute inducement of infringement of at least one claim of the '598 Patent by others through their acts of making, selling and/or offering to sale the Infringing Product.

16. As a direct and proximate result of Defendants' direct infringement and/or inducement to infringe the '598 Patent, MacNeil has suffered and will continue to suffer irreparable injury, and damages in an amount not yet determined, for which MacNeil is entitled to relief.

17. Upon information and belief, Defendants' direct infringement, indirect infringement and/or inducement to infringe the '598 Patent has been and continues to be willful and deliberate.

18. WHEREFORE, MacNeil prays for entry of judgment in its favor and against Defendants as follows:

A. Enter judgment that Defendants have directly infringed the '598 patent;

B. Enter judgment that Defendants have induced others to infringe the '598 patent;

C. Enter judgment that Defendants have willfully infringed the '598 patent;

D. Enter judgment that this case is found to be an "exceptional case" under 35 U.S.C. § 285;

E. Enter a permanent injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendants from any further sales of the Infringing Products and any other infringement of the '598 patent, whether direct or indirect;

F. Enter judgment ordering Defendants to compensate MacNeil for Defendants' infringement of the '598 patent pursuant to 35 U.S.C. § 284;

G. Enter a judgment ordering Defendants to pay enhanced damages pursuant to 35 U.S.C. § 284;

H. Enter a judgment for an award of pre-judgment and post-judgment interest and costs to MacNeil pursuant to 35 U.S.C. § 284;

I. Enter a judgment for an award of MacNeil's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

J. Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining Defendants and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Defendants, from offering for sale or selling

the Infringing Products, and requiring destruction of all molds and tooling related to the Infringing Products; and

    K.    Grant MacNeil such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## JURY DEMAND

MacNeil demands a trial by jury on all issues so triable.

Respectfully submitted,

MACNEIL IP LLC,

Dated: August 24, 2015    By:    /s/ Robert S. Grabemann
    One of Its Attorneys

Robert S. Grabemann
*rgrabemann@daspinaument.com*
Timothy M. Schaum
*tschaum@daspinaument.com*
DASPIN & AUMENT, LLP
227 West Monroe
Suite 3500
Chicago, Illinois 60606
(312)258-1600